# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-04-00472-CR

---

**Tracy Holloman, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
NO. 3031164, HONORABLE BOB PERKINS, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

A jury found appellant Tracy Holloman guilty of aggravated sexual assault. *See* Tex. Pen. Code Ann. § 22.021 (West Supp. 2004-05). The court assessed punishment at twenty-eight years in prison.

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no meritorious grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).

In his brief, counsel explained why, in his professional opinion, the evidence is legally and factually sufficient to support the conviction, the trial court did not err in overruling defense counsel's *Batson* objections, and defense counsel rendered effective assistance. Appellant filed a written response to counsel's brief challenging these conclusions.

The complaining witness testified that she met appellant at a nightclub and accepted his offer of a ride home. According to her, appellant drove to a residential neighborhood and sexually assaulted her in the car. The complainant's description of her assailant given to investigators soon after the assault matched appellant in some respects, but not in others. The DNA profile of fingernail scrapings taken from the complainant matched appellant's DNA. Appellant testified that he was not at the nightclub, but that he had briefly encountered the complainant as she walked alone in the neighborhood and in apparent distress. He said she pushed him away when he tried to help her. Having reviewed the evidence and applied the appropriate standards of review, we agree with appellate counsel that the resolution of conflicts in the evidence was for the jury, and that the evidence is legally and factually sufficient to sustain the guilty verdict. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (legal sufficiency); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (legal sufficiency); *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004) (factual sufficiency).

Appellant's trial counsel objected to the prosecutor's use of peremptory strikes against three black venire members. *See Batson v. Kentucky*, 476 U.S. 79 (1986). The State offered race-neutral explanations for the strikes based on answers the panelists gave during voir dire. These

explanations were not challenged at trial and are supported by the record. We agree with appellate counsel that the court did not err by overruling the *Batson* objections.

Appellant complains that trial counsel did not vigorously pursue the *Batson* objections. He also suggests that counsel should have called expert witnesses to rebut the State's experts. Nothing in the trial record reveals counsel's strategy with regard to these matters. In the absence of such a record, appellant cannot in this direct appeal overcome the strong presumption that his trial counsel's strategy was reasonable from counsel's perspective at trial. *See Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

We have reviewed the record, counsel's brief, and appellant's pro se response. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

The judgment of conviction is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:  August 17, 2005

Do Not Publish